George Andrews, J.,
delivered the opinion of the Court.
The bill in this cause, was filed by the complainants as children and heirs of Mildred B. "Watkins, deceased, some of whom are minors, for the purpose of declaring void and setting aside a deed of real estate made by Mildred B. Watkins, E. F. Watkins, her husband, and the trustee of the property, to certain real estate, in which the said children had an equitable interest; and to declare void certain proceedings had in the Circuit Court of Shelby county for the sale of said real estate. The complainants are the only surviving children and heirs of Edwin E. Watkins and Mildred B. Watkins, his wife, both of whom died before the filing of this bill. By the last will and testament of Lucy Quarles, of Virginia, a fund was bequeathed for the use of Mildred B. Watkins for her life, and at her decease to go to her children; and one William Q. Johnson was appointed by the Chancery Court. at Fredericksburg, Va., a trustee, to hold said property upon the trust. In the year 1843, the trustee, William Q. Johnson, with a portion of the trust fund, purchased from one Goodman a tract of land in the city of Memphis. The deed from Goodman conveys the premises to the said William *588 Q. Johnson, his heirs and assigns, to his and their use, benefit and behoof. It recites the bequest made by Lucy Quarles, the appointment of Johnson as trustee, and declares that this conveyance is made in trust for the use and benefit of the said Mildred B. "Watkins for life, and at her death to become the property in fee simple of the heirs of her body.
In June, 1845, the Circuit Court of Shelby county, upon the ex parte petition of Edwin E. and Mildred B. Watkins, to Avhich no other persons were parties, showing that William Q. Johnson was deceased, made an order appointing David F. Johnson trustee of said prop-in his place.
On the 1st day of November, 1850, David F. Johnson, the trustee, together with Edwin F. Watkins and Mildred B. Watkins, by deed, for the consideration of $5,000, conveyed the premises in question to Alexander Patterson. This deed recites the trust of the former deed, the decease of William Q. Johnson, and the appointment of David F. Johnson as his successor in the trust; and contained a covenant of warranty of title on the part of the grantors.
Patterson took immediate possession under this deed, and the possession has remained in him and in his grantees from that time.
On the 25th day of September, 1852, Alexander Patterson sold the entire premises purchased by him, as above stated, to David Cockrell, who afterward conveyed a portion of the premises to the defendant, Joseph Specht, who is now in full possession, claiming title thereto in fee.
*589 In January, 1851, upon the ex parte petition of David E. Johnson, the trustee, Edwin E. Watkins and Mildred B. Watkins, and such of their children as were then in being, the Circuit Court of Shelby county made an order, referring it to the. Clerk of that Court, to take proof and report whether it would be manifestly to the interest of Mrs. M. B. Watkins and her children, to sell said real estate, and what was its value. Upoh the coming in and confirming of the Clerk’s report to the January Term, 1852, a decree was made, that said David E. Johnson have full power and authority to sell said property for not less than $5,000; and that he invest the proceeds in slaves, upon the same trust upon which the land had been held.
David F. Johnson, trustee, reported to the May Term, 1855, of said Circuit Court, that he did, as directed in said decree, sell said lots to Alexander Patterson for the sum of $5,000, cash, and that he invested the said sum in seven slaves, subject to the same uses and trusts as the said lots; and thereupon the Circuit Court confirmed the report of sale of the lots, and the purchase of the negroes; divested all the right, title, claim and interest of Mildred B. Watkins and her children, and of David E. Johnson, trustee, in and to said lots, out of them, and vested the title in said Alexander Patterson, in fee. It was further ordered that said trustee make the necessary conveyance of the said lots to said Patterson; “or, if the conveyance has already been made by the said David E. Johnson, as trustee, to the said Alexander Patterson, that it is in all things confirmed.” • The bill in this case sets forth the above facts; charges that the *590 proceedings in the Circuit Court for the sale of the land were fraudulent and void; and prays that the complainants be' declared to be the owners of said lots; that the deed from David F. Johnson, trustee, and E. F. and Mildred B. Watkins to Patterson, as well as the proceedings had in the Circuit Court for the sale of the premises, be declared void; for possession of the premises, tincl accounts of rents and profits.
The principal question in this ease arises upon the construction of the deed from Goodman to William Q. Johnson, as Trustee, in 1843; and the enqury is, what estate said Johnson took under the deed? That deed conveys the premises in question to said William Q. Johnson, his heirs and assigns, to his and their only proper use, benefit and behoof, forever. This conveyance is nevertheless made in trust, and for the use and purposes hereafter mentioned and declared, and none other; that is to say, Whereas, Lucy-Quarles heretofore devised in trust, for the use of Mildred B. Watkins for life, with remainder in fee to her, the said Mildred B. Watkins’ children, a certain legacy, and the Chancery Court at Fredericksburg, Spottsylvania County, Virginia, appointed at a'late Term of said Court, the said William Q. Johnson trustee of the fund thus devised; and whereas, the said William Q. Johnson, being desirous of securing said fund in a safe and useful manner for the benefit of said Mildred and her children, and believing it most to the interest to invest out of the same the said sum of eight hundred and eighteen dollars in one purchase of real estate, has purchased the aforesaid property hereby conveyed out of said fund. Now, therefore, this indenture witnesseth, That, in consideration *591 of the premises aforesaid, this conveyance is made in trust, for the use and benefit of the said Mildred B. Watkins for life, and at her death to become the property in fee simple of the heirs of her body.” By the clause of the deed first above recited, the legal estate in fee was vested in William Q. Johnson, the trustee, unless the effect and operation of this clause is controlled and limited by the express terms of the subsequent portion of the deed; or unless the estate which the trustee would take by the force of the expressed terms of the deed being greater than is required for the administration of the trust, is to be cut down by the operation of the rules of law to such lesser estate as may be simply sufficient to enable him to administer the trust.
The deed first conveys the legal estate to the trustee and his heirs, and the estate being limited to his and their use, the uses executed by the statute of uses in the trustee, and not in cestuis que use, thereby creating an estate in fee in the trustee. The deed declares this conveyance to him in trust for the use and benefit of Mrs. Watkins for life, and at her death to • become the property in fee simple of the heirs of her body. If this last clause, be construed to vest a legal estate in remainder in the heirs of the body of Mrs. Watkins, then it contradicts the terms of the preceding unrestricted grant of the entire legal estate to the trustee. If it be held to convey an equitable estate in remainder to these heirs, then it is consistent with the preceding grant of the legal estate in fee to the trustee. Perhaps the latter clause, standing by itself, it might bear either construction; but our duty is to construe the deed so as to avoid all unnecessary contradic *592 tion in its terms, and to give effect to every part of it, if possible.
We, therefore, hold that the deed in question, by proper construction of its terms, operated to convey the legal estate in the land to the trustee in fee, subject to an equitable estate for life in Mildred B. Watkins, and an equitable estate in remainder in her heirs. And we do not think that this legal estate in the trustee will be cut down by implication to an estate for the life of Mildred B. Watkins only, so as to vest the legal estate in fee simple, or fee tail, in her heirs, at her decease. The rule of construction applied to deeds in this respect, is more strict than that applicable to wills; and we are satisfied that, upon authority, both in this State and elsewhere, the legal estate of the trustee, in this case, will not be cut down Ipelow a fee by implication: Hill on Trustees, -248.
Most of the cases in our own reports have arisen upon the construction of wills. In Smith vs. Thompson, 2 Swan, 386, Judge Totten says, “an express limitation of an estate in fee, contained in a deed, will not be cut down into a legal estate merely, because a fee in the trustee is not necessary for the purposes of the deed/’ and in that case, the Court held that the estate of tire trustee was limited to a life estate, upon the express grounds that the property conveyed, being a slave, was a chattel, and not real estate.
In Aiken vs. Smith, 1 Sneed, the property conveyed in trust, was also a chattel — a slave. McKinney, J., referring to- Smith vs. Thompson, says: “In that case, as in the one under consideration, the interest of the trustee *593 ls expressly restricted, by the terms of the instrument, to the life of the person to whom the life interest is given.”
In Stephens vs. Bowman, 9 Hum., 546, the property conveyed also consisted of slaves, and the decision throws no light upon the present case.
In Parks vs. Cheek, 4 Cold., 20, the deed under discussion conveyed real estate to a trustee, “to hold the said lot during the natural life of Emily V., with remainder over to her children.” It does not appear, by the report of the case, whether the grant to the trustee contained words adapted to limit a fee. But the opinion of the Court states that it is a general rule of law, that the trustee in whom is vested a legal estate takes such interest therein as the purposes of the trust require; and hold that, in that case, the trustee took only an estate for the life of the wife. The distinction between the case of a deed, and that of a will, is not alluded to in the opinion. • The casé is so reported as not to afford us much aid in the present case.
In Williamson vs. Wickersham, 3 Cold., 52, the conveyance was of land, to a trustee and heirs, in trust, to sell for the payment of debts; and the Court held that, upon the decease of the trustee before the debts were paid or the land sold, the legal estate vested in the heirs of the trustee. Milligan, J., who delivered the opinion of tlie Court, states that “if the duties imposed upon the trustee, or the purposes of the trust, require only an estate per autre vie to be vested in him, his legal interest will be cut down to that extent, notwithstanding the express limitation to him in fee.” He does not allude to any *594 distinction, in this respect, between deeds and wills, and the statement of this doctrine was clearly a dictum only in that case.
The above are all the cases reported in this State, arising, upon the construction, of trust deeds, which can be considered as bearing upon the present inquiry. There are a number of decisions arising upon the construction of wills,. but, for the reason above stated, they are not relevant to this discussion; and I am satisfied of the soundness of the position that an estate in fee in real estate, conferred upon a trustee by the terms of a deed, will not be cut down by implication merely to an estate for life, upon the ground that the purposes of the trust do not require an estate in fee.
I think the appointment by the Circuit Court of David T. Johnson, as trustee, in place of 'William Q,. Johnson, the deceased trustee, was invalid, and conferred upon the trustee so appointed, no estate, legal or equitable. The Circuit Court had no inherent jurisdiction to make such appointment. By the Act of 1835, chap. 20, sec. 1, the Chancery Court had exclusive original jurisdiction of all cases in equity, except bills or petitions for the partition or sale of real estate for dower and for divorce.
The Act of 1831, chap, 107, provided that the Circuit Court might accept the resignation of trustees, and appoint others in their stead, when cestui que trust has been notified; and might, in the same manner, appoint a new trustee, when a trustee fails or refuses to serve. Whether the Act of 1831 gives to the Circuit Court power to appoint a new trustee in the room of one de *595 ceased, and whether that Act is, as to the power of the Circuit Court, repealed by the Act of 1835, above mentioned, it is not necessary to decide.
The proceedings for the appointment of the new trustee was upon the ex parte petition of Mildred B. and E. E. Watkins. Neither the children of Mildred B. Watkins, nor the heirs of the deceased trustee, were made parties, or notified. This proceeding was a nullity, so far as the legal estate was concerned; and the legal estate, therefore, remained in the heirs of the former trustee: Franklin vs. Franklin, 2 Swan, 521; Williamson vs. Wickersham, 3 Cold., 52.
Patterson took possession of the premises under his deed from E. F. Watkins, Mildred B. Watkins, and David T. Johnson, in November, 1850. This deed conveyed to him no title as against the legal estate of the trustee, or against the equitable interest in remainder of the complainants. But it was sufficient to constitute a color of title in Patterson, and under it he and his grantees held possession, claiming title in fee simple, and adversely to the trustee, for more than seven years thereafter. The legal estate of the trustee was thereby barred, under our statute of limitations; and, under repeated decisions of this Court, this operated as a bar to the equitable estate of the cestui que trust: Woodridge vs. Planter’s Bank, 1 Sneed, 297.
The case of Porter vs. Greer, 1 Cold., 569, cited as establishing a distinction which takes the case of heirs of a trustee, upon whom the legal estate is cast, out of the operation of this principle, is not an authority for that purpose. The facts of that case bear no analogy to the *596 present; and if such a doctrine was expressed in the opinion of the Court in that case, it was uncalled for by the case before the Court.
These considerations render it unnecessary to decide as to the validity of the proceedings held in the Circuit Court for the sale of the premises, and whether any title passed in virtue of those proceedings.
The result is, that the complainants have shown no title, either legal or equitable, as against the defendant; and the decree of the Chancellor, dismissing the bill will be affirmed.